### SHIFF *vs.* INSURANCE COMPANY.

The insurers are liable for all the labour and expense attendant upon an accident which forces the vessel back into port, but not for a claim for commission on the whole amount of the cargo.

APPEAL from the parish court for the parish and city of New-Orleans.

The brig Mechanic, insured by the defendants on a voyage from New-Orleans to Philadelphia, sustained an injury in descending the river Mississippi, and was towed back to the city to be repaired. A genera average was made up in which a commission of two and a half per cent. was charged on the amount of the cargo shipped by the plaintiff, and to recover which, (the defendants having refused payment) the present action was brought.

Lewis, a witness for the plaintiff, deposed that he had been a merchant for thirty years, and during that time had made up between three and four hundred general averages. That it was his constant custom to charge two and a half per cent. on the whole amount of the cargo, in cases similar to the present. That he had known that charge paid in many instances by an insurance company in New-Orleans, of which he had been the secretary, and that the same charge had been allowed and paid in London and in New-York. Several other witnesses testified that the charge was a customary one, and had been allowed and paid by different Insurance offices in the United States. The defendants

Eastern District.
[*May*, 1830.

SHIFF
*vs.*
MIS. INS. COMP.

introduced one witness only, who stated that he had been a merchant for twenty-five years, and had never known a charge like the present made in the United States, and further, that he was acquainted with the custom in Great Britain, and that payment of such a charge had been invariably refused by the offices in London and Liverpool. There was judgment for the defendants and the plaintiff appealed.

*Pierce*, for appellant.

The judgment of the court below is against the evidence and the law.

*Morse*, for appellee.

MATHEWS J. delivered the opinion of the court. This suit is brought in consequence of the Insurance Company having refused to pay to the plaintiff an item in an account of general average, by which they were charged a commission of two and a half per cent. on the cargo of the brig Mechanic, insured from New-Orleans to Philadelphia. The judgment of the court below is in favour of the defendants, from which the plaintiff appealed.

It appears from the evidence of the case that the vessel and cargo were both insured.

She suffered an injury in descending the river Mississippi, and it became necessary to tow her back to the port again to be repaired. All the charges for expenses actually incurred and services performed in towing the brig from the place where the accident happened to New-Orleans; landing and restowing cargo; in storing it when taken from the vessel &c. were admitted by the defendants as correct, and payment was offered, with the exception of the commission charged on the whole value of the cargo.

The plaintiff insists that he has a right to claim and recover this commission, according to a general custom of merchants in relation to goods placed in a situation similar to that, in which the cargo of the Mechanic was found after her return &c.

No adjudged case, or commentary on the law merchant, has been adduced, showing the existence of such a custom; but an attempt is made in the present case to prove its existence by the testimony of factors and brokers, and officers or agents of Insurance Companies, and other persons in several states of the Union. This testimony is contradictory, and does not establish a general average or cus-

tom in relation to the plaintiff's claim. His right to recover, must therfore, depend on a contract either express or implied on account of services rendered, or risque and responsibility. But it is not supported in either of these ways. Over and above the commission claimed, full wages seemed to have been charged for unloading and re-loading the vessel; also, expenses for storage, cooperage and every item of expense that can possibly be imagined. On account of services, then the commisson cannot be justly allowed. And it is equally inadmissible on the score of risque or responsibility, for the vessel and cargo remained at the risque of the insurers from the time she was first laden, until the completion of the voyage, insured according to the terms of the policy. They were the persons principally concerned in the safety of the brig and cargo, whose interest was to be secured by

The insurers are liable for all the labor and expense attendant upon an accident which forces the vessel back into port, but not for a claim for commission on the whole amount of the cargo.

all the labour and expense which became necessary after the occurrence of the accident, which forced the vessel again into port; and for these they are justly responsible, but not for the claim of a commission on the whole amount of cargo. This claim has no just or reasonable grounds of support.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.